TAM:JHK:jac
F.#2009V00233

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KATRINA D. CONVERSION

**ANSWER TO AMENDED COMPLAINT**

Plaintiff,

- v. -

Civil Action No. CV-08-5218

THE IRS, DEPARTMENT OF TREASURY, MAUREEN CANE, Department Head, MARIE LIPIRIA, Employee, HENRY M. PAULSON, JR., Secretary of Department of Treasury,

(Feuerstein, J.)
(Lindsay, M.J.)

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendants, by their attorney, BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, James H. Knapp, Assistant United States Attorney, of counsel, hereby answers the correspondingly numbered paragraphs of the plaintiff's amended complaint upon information and belief as follows:

1. Aver that the first unnumbered paragraph does not contain any factual allegations, but merely contains the statutory basis for plaintiff's complaint, to which no response is required.

2. Aver that the second unnumbered paragraph does not contain any factual allegations, but merely contains plaintiff's jurisdictional allegation, to which no response is required.

3. Lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph number 1 of the amended complaint.

4. Admit the allegations contained in paragraph number 2 of the amended complaint; and aver that Maureen Cane and Marie Lipiria are currently employed by the Internal Revenue Service at the address specified by plaintiff in paragraph number 2 of the amended complaint.

5. Admit the allegation contained in paragraph number 3 of the amended complaint.

6. Deny the allegations contained in paragraph number 4 of the amended complaint.

7. Deny the allegation contained in paragraph number 5 of the amended complaint.

8. Deny the allegation contained in paragraph number 6 of the amended complaint.

9. Deny the allegations contained in paragraph number 7 of the amended complaint.

10. Paragraph 8 of the complaint refers to a series of allegations annexed to the complaint, responses to which are set forth in paragraphs 15 through 43 below. Annexed to this answer is a copy of these allegations in which the lines have been numbered.

11. Lack knowledge or information sufficient to form a belief as to the allegation contained in paragraph number 9 of the amended complaint.

12. Lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph number 10 of the amended complaint; except defendants aver that the Agency's records reflect that plaintiff filed a formal complaint of discrimination on February 1, 2008.

13. Paragraph 11 of the amended complaint contains no factual allegations. To the extent that paragraph number 11 of the amended complaint contains material factual allegations, defendants deny the allegations.

______14. Deny the allegations contained in paragraph 12; except aver that the Agency issued plaintiff a Notice of Final Action with a Right to File Civil Action, dated April 8, 2008.

15. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in lines 1-20 of the addendum to the amended complaint.

16. Deny the first full sentence of line 20 of the addendum to the amended complaint.

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in lines 21-38 of the addendum to the amended complaint.

18. Admit that plaintiff sent an e-mail of general nature to Marie Lipiria on March 8, 2007, as described in the last sentence of line 38 and continuing through the end of the first sentence in line 42 of the addendum to the amended complaint.

19. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the second sentence of line 42 and continuing through the end of the first sentence in line 65 of the addendum to the amended complaint.

20. Deny the allegation contained in the first full sentence of line 65 of the addendum to the amended complaint.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the second full sentence of line 65 and continuing through the end of the first sentence of line 84 of the addendum to the amended complaint.

22. Deny the allegation contained in the first full sentence of line 84 of the addendum to the amended complaint.

23. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in line 85 and continuing through the end of the second sentence of line 91 of the addendum to the amended complaint; except deny plaintiff's characterization that Marie Lipiria instituted a hate war or witch-hunt against plaintiff.

24. Lack knowledge or information sufficient to form a belief as to the truth of the

allegations beginning in the last sentence of line 91 and continuing through the sentence ending at the beginning of line 94 of the addendum to the amended complaint.

25. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the first full sentence of line 94 and continuing through the first sentence of line 102 of the addendum to the amended complaint; except Defendants deny that Marie Lipiria discriminated against plaintiff.

26. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the first full sentence of line 102 and continuing through the end of the first sentence in line 103 of the addendum to the amended complaint.

27. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the first full sentence of line 103 and continuing through the first sentence of line 121 of the addendum to the amended complaint.

28. Deny the allegation contained in the first full sentence of line 121 and continuing onto line 122 of the addendum to the amended complaint.

29. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the first full sentence of line 122 and continuing through the end of line 124 of the addendum to the amended complaint; except denies that Marie Lipriria is a racist.

30. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in line 125 continuing through the sentence that ends at the beginning of line 163 of the addendum to the amended complaint.

31. Deny the allegations contained in the first full sentence of line 163 and continuing through the sentence that ends at the beginning of line 165 of the addendum to the amended complaint.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the first full sentence of line 165 and continuing through the sentence that ends at the beginning of line 176 of the addendum to the amended complaint.

33. Deny the allegation contained in the first full sentence of line 176 of the addendum to the amended complaint.

34. Aver that no factual allegations are set forth beginning with the third sentence of line 176 and continuing through the end of the first sentence of line 181 of the addendum to the amended complaint. To the extent that above lines contain material factual allegations, Defendants deny the allegations.

35. Lack knowledge or information sufficient to form a belief as to the truth of the allegations beginning in the second sentence of line 181 and continuing through the first sentence of line 184 of the addendum to the amended complaint.

36. Deny the allegations contained in the first full sentence in line 184 continuing through line 187 of the addendum to the amended complaint.

37. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained beginning in line 188 and continuing through the sentence that ends in line 202 of the addendum to the amended complaint.

38. Deny the allegations beginning in the sentence at the end of line 202 and continuing through the sentence that ends in line 206 of the addendum to the amended complaint.

39. Lack knowledge or information sufficient to form a belief as to the truth of the allegation in the sentence that begins in line 206 and continues to line 207 of the addendum to the amended complaint; except Defendants admit that Plaintiff identifies herself as black.

40. Admit the allegations contained in the first full sentence beginning in line 207 and continuing through the sentence that ends in line 208 of the addendum to the amended complaint; except avers that plaintiff resigned from her employment with the Internal Revenue Service on May 18, 2007.

41. Lack knowledge or information sufficient to form a belief as to the truth of the allegation beginning at the end of line 208 and continuing onto line 209 of the addendum to the amended complaint.

42. Deny the allegations in the sentence that begins in line 209 and continues through the sentence that ends in line 211 of the addendum to the amended complaint.

43. Lack knowledge or information sufficient to form a belief as to the truth of the allegation in the sentence that begins at the end of line 211 and continues onto line 212 of the addendum to the amended complaint; except Defendants deny that plaintiff was treated horrifically.

Defendants deny each and every allegation in the complaint to the extent not admitted or otherwise responded to herein.

FIRST DEFENSE

Plaintiff's claim of discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., ("Title VII") should be dismissed for failure to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies with respect to any claim for retaliation and defamation.

THIRD DEFENSE

Plaintiff has failed to mitigate her damages.

FOURTH DEFENSE

Defendants have a policy which is designed to prevent workplace discrimination, and has implemented that policy.

FIFTH DEFENSE

Defendants challenged employment actions were based upon legitimate, non-discriminatory, non-pretextual reasons.

SIXTH DEFENSE

Defendants acted at all times in accordance with all relevant rules and regulations, specifically, in compliance with Title VII.

SEVENTH DEFENSE

Plaintiff suffered no “adverse action” as a result of the alleged discriminatory conduct.

EIGHTH DEFENSE

Plaintiff’s claim for compensatory damages is subject to a statutory cap of $300,000.00 and to the extent Plaintiff seeks more, such a demand must be stricken from the Complaint.

NINTH DEFENSE

Plaintiff is not entitled to punitive damages.

TENTH DEFENSE

The I[nternal] R[evenue] S[ervice], the Department of the Treasury, Maureen Cane and Marie Lipiria are not proper party defendants in this action.

ELEVENTH DEFENSE

To the extent that plaintiff alleges a claim for employment discrimination, her exclusive

remedy is Title VII of the Civil Rights Act of 1964, as amended, and claims brought pursuant to other statutes outlawing discrimination in employment or grounded in the same factual predicate underlying her Title VII claim should be dismissed. Bush v. United States, 462 U.S. 367 (1983).

Without waiving the defenses set forth above, and upon which Defendants specifically rely, Defendants state that legitimate, nondiscriminatory reasons form the basis for all of actions taken. Accordingly, all the allegations of discrimination in the amended complaint should be dismissed.

WHEREFORE, Defendants, after having fully answered the allegations set forth in the Amended Complaint and set forth defenses, respectfully request that this Court enter judgment in favor of Defendants, dismiss the complaint and amended complaint, award Defendant costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: Central Islip, New York
June 25, 2009

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
Attorney for Defendants
610 Federal Plaza
Central Islip, New York 11722

By: s/ James H. Knapp (Filed Electronically)
JAMES H. KNAPP (JK-5517)
Assistant United States Attorney
(631) 715-7879

To: Katrina Conway
*Plaintiff, pro se*
92 Maple Drive
Amityville, New York 11701