UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KATRINA D. CONWAY,

                        Plaintiff,                    **REPORT AND**
                                                         **RECOMMENDATION**
   -against-                                CV 08-5218 (SJF)(ARL)

THE IRS DEPARTMENT OF TREASURY,
MAUREEN CANE, Department Head,
MARIE LIPIRIA, Employee,
HENRY M. PAULSON, Jr., Secretary of
Department of Treasury,

                        Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court, on referral from District Judge Feuerstein, is the plaintiff's motion to amend her complaint, the defendants' opposition to that motion, and the defendants' cross-motion to dismiss all of the claims against the individual defendants and the Internal Revenue Service and to substitute Secretary Timothy Geithner as a party defendant. For the reasons set forth herein, the court recommends that the plaintiff's motion to amend be denied and the defendants' cross-motion be granted.

### BACKGROUND

      The plaintiff, Katrina D. Conway ("Conway"), commenced this action on December 17, 2008, alleging that she had been discriminated against on the basis of her race, subject to retaliation, harassed, and defamed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, et seq. In her original complaint, Conway named two individual IRS employees, Maureen Cane and Marie Lipiria, in addition to the Department of Treasury and ex-Treasury Secretary Paulson. Conway now seeks to add Jane Greenleaf, another IRS employee, as a defendant. Conway also seeks to add additional factual averments and three

causes of action for fraudulent misrepresentation, intentional infliction of emotional harm, and "tort."

In her initial complaint, Conway describes a number of instances of discrimination, which she argues led to a rash determination to terminate her employment.[1] The instances of discrimination focus primarily on disputes Conway had with her co-workers, Marie Lipiria ("Lipiria") and Jane Greenleaf ("Greenleaf"), who she describes as being anti-Christian and anti-African American. Conway alleges, for example, that she had a fight with Lipiria concerning Lipiria's hanging of a Christmas flyer over pictures she had put up to beautify the office. Conway also describes an incident at the Christmas party when Lipiria told another co-worker not to sit with Conway and then gave her the cold-shoulder, an incident in the ladies room when she caught Lipiria talking behind her back; and an incident when Lipiria refused to work on a committee with her. According to Conway, her disputes with Lipiria continued even after the women were sent to speak to an EEO representative. With respect to Jane Greenleaf, Conway describes an incident when Jane Greenleaf, who is Jewish, would not comment on Conway's cross necklace. Conway also alleges that Greenleaf complained to an office manager about that fact that Conway offered a blessing at a conference before eating and then complained about the fact that Conway had put up Christmas decorations since Greenleaf was not permitted to put up Jewish decorations. Conway does not set forth any details concerning her actual termination other than stating that "Chris D'Antonio [the acting director] made a rash and merit less decision in termination my employment."

---

[1] The facts set forth in this decision have been gleaned from the plaintiff's complaint. The plaintiff did not use paragraph or page numbers in either her complaint or proposed amended complaint so further citation is not possible.

2

In her proposed amended complaint, Conway also avers that Lipiria and Greenleaf intentionally inflicted emotional distress upon her because they are both Caucasian and "religion is a factor." She also restates many of the facts set forth in the initial complaint, adding that Jane Greenleaf's boyfriend hates black people.

## DISCUSSION

**A. Standards For Motion To Amend:**

Federal Rule 15(a) provides that leave to amend 'shall be freely granted when justice so requires." "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...[or] futility of the amendment' will serve to prevent an amendment prior to trial." *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1002 (E.D.N.Y. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962)).[2] An amendment is considered futile if the proposed claim would not survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339-40 (2d Cir. 2000). Accordingly, in determining whether a proposed amendment would be futile, the claims must be construed in the light most favorable to the plaintiff. *See Foman,* 371 U.S. at 182. To overcome objections of futility, the plaintiff must merely show that it has at least colorable grounds for relief. *Copantitla v. Fiskardo Estiatorio, Inc.,* 2010 U.S. Dist LEXIS 33430 *11

---

[2]Rule 20(a) governs the joinder of parties. If joinder is improper under Rule 20(a), then amending the complaint would be futile. *See McNaughton v. Merck & Co.,* 2004 U.S. Dist. LEXIS 30287 * 2 (S.D.N.Y. Dec. 17, 2004). Fed. R. Civ. P. 20(a) has two distinct requirements. First, "a right to relief must be asserted . . . relating to or arising out of the same transaction or occurrence." *Id.* at *3. Second, "there must be some question of law or fact common to all plaintiffs." Id. Neither party addresses these requirement, but it is clear that if the claim against Ms. Greenleaf were proper, the Rule 20(a) standards would be met.

(S.D.N.Y. Apr. 5, 2010).

**B. Standards For Motion To Dismiss**:

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. *Twombly* discarded the "no set of facts" language in favor of the requirement that the plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." 127 S. Ct. at 1974. Post-*Twombly,* the court must still assume that well-pleaded factual allegations set forth in a complaint are true and draw all inferences in favor of the non-moving party (s*ee, e.g., Holmes v. Poskaner,* 342 Fed. Appx. 651(2d Cir. 2009)), but those factual allegations must be enough to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Williams v. Berkshire Fin. Grp. Inc.*, 491 F. Supp. 2d 320, 324 (E.D.N.Y. 2007)(quoting *Twombly*, 127 S. Ct. at 1969); *see also ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

There remains a significant difference between factual allegations and legal conclusions. In *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Supreme Court explained that "[t]wo working principles underlie [the] decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal

4

conclusion couched as a factual allegation." *Id.* at 1949-50. As the *Iqbal* court noted, Federal Rule 8 may be a generous departure from stricter pleading rules of the past, but "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

The second principle underlying *Twombly*, *Iqbal* explains, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal quotation marks and citations omitted). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (internal quotation and punctuation marks omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* With these standards in mind, the court turns to the issues raised in the motions.

## C. The Individual Defendants

The plaintiff's motion to add Jane Greenleaf as a defendant and the defendants' motion to dismiss Maureen Cane and Maria Lipiria will be addressed together as they involve the same legal principle. "Title VII does not provide for individual liability." *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010)(citing *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313-14 (2d Cir. 1995)(even "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII")). Accordingly, the court recommends that the defendants' motion to add Jane Greenleaf as a defendant be denied as the proposed joinder would be futile.

The court further recommends that the defendants' motion to dismiss the claims against Maureen Cane and Maria Lipiria be granted.

**D. The IRS Department of Treasury**

The defendants also seek to dismiss the complaint against the IRS. 42 U.S.C. § 2000e-16(c) provides that the "head of the department, agency, or unit, . . . shall be the defendant" in any Title VII federal employment discrimination action. Accordingly, the undersigned recommends that the claims against the "IRS Department of Treasury" be dismissed. Moreover, as Henry M. Paulson, Jr., is no longer the Secretary of the Department of the Treasury, Secretary Geithner should be named as the appropriate defendant.

**E. The Proposed State Law Claims**.

Finally, the court recommends that the plaintiff's motion to add causes of action for fraudulent misrepresentation, intentional infliction of emotional harm, and "tort be denied. The plaintiff's proposed claims essentially rely on the same factual averments set forth in the initial complaint with respect to Maria Lipiria and Jane Greenleaf. Given the undersigned's determination that there is no federal jurisdiction as to those individual defendants, the undersigned recommends that court decline to exercise of pendent jurisdiction over these state law claims.

**OBJECTIONS**

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,*

118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 16, 2010

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge