UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KATRINA D. CONWAY,

        Plaintiff,

                              ORDER
   -against-                    08 CV 5218 (SJF)(ARL)

THE IRS DEPARTMENT OF THE TREASURY,
MAUREEN CANE, HENRY M. PAULSON, JR., and
MARIE LIPIRIA,

        Defendants.
----------------------------------------X
FEUERSTEIN, J.

On December 17, 2008, *pro se* plaintiff Katrina Conway ("Plaintiff") commenced this action against the Internal Revenue Service (the "IRS"), Henry M. Paulson Jr., former secretary of the United States Department of the Treasury, Maureen Cane, the head of Plaintiff's department, and Marueen Lipiria, a co-worker of Plaintiff (collectively, the "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (as amended).

On March 17, 2010, Plaintiff moved to amend her complaint seeking to add a co-worker Jane Greenleaf as a defendant, additional factual allegations, and three causes of action for fraudulent misrepresentation, intentional infliction of emotional harm, and "tort." On March 31, 2010, the Defendants opposed the motion, moved to dismiss the claims against the individual defendants and the IRS pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moved to substitute Timothy Geithner as a party for Henry M. Paulson Jr.

1

On November 16, 2010, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation (the "Report"), pursuant to a referral, recommending Defendants' motion be granted and Plaintiff's motion be denied. Plaintiff filed objections to the Report on November 24, 2010. No objections have been filed by the Defendants. Upon review of the Report and consideration of Plaintiff's objections, the objections are overruled and the Report accepted in its entirety.

I. Discussion

A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of

the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.   Plaintiff's Objections

Plaintiff objects to the Report on three grounds relating to the recitation of the relevant background facts. Plaintiff objects that the Report states that she "had a fight with Lipiria" arguing that she could not have "had a fight" because she "practices anti violence" and has "never gotten into a fight in my entire life." Objections at 1.

Plaintiff objects that the Report states "Greenleaf complained to an office manager about that fact that Conway offered a blessing at a conference before eating and then complained about the fact that Conway had put up Christmas decorations since Greenleaf was not permitted to put up Jewish decorations." Report at 2. Plaintiff asserts that "Greenleaf did put up Christmas decorations but became enraged that I was decorating a cubicle that did not have any decorations on it." Objections at 1.

Finally, Plaintiff objects to the Report's statement that she did not allege any facts concerning her actual termination beyond quoting "'Chris D'Antonio [the acting director] made a rash and merit less decision in termination my employment.'" Report at 2 (quoting Compl. at 13). Plaintiff argues that she sets forth additional facts in her amended complaint that allege, *inter alia*, "Christine D'Antonio believed all of Marie's lies which convinced [her] to believe all

3

of the false reports that she was given when she terminated me without merit." Objections at 2.

Insofar as the Report states factual allegations in the "Background" section, the recitation of facts does not constitute a factual finding. *See* Report at 4 (applying the standard for a Rule 12(b)(6) motion that requires a court to "assume that well-pleaded factual allegations set forth in a complaint are true and draw all inferences in favor of the non-moving party"). As the recommendation finds that a Title VII claim cannot be maintained against individual defendants and must be brought against the head of the department, it did not rely on any of the disputed factual allegations. In the absence of objections to these legal conclusions, the Report will be reviewed for clear error.

Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly the Court accepts and adopts the Report as an Order of the Court.

II. Conclusion

Plaintiff's objections are overruled and the Report is accepted in its entirety, and (1) Plaintiff's motion is denied; (2) the Defendants' motion to dismiss the IRS and the individual defendants is granted; and (3) the Defendants' motion to substitute Timothy Geithner as a

defendant for Henry M. Paulson Jr. is granted.

**SO ORDERED.**

_____  12/14/10
Sandra J. Feuerstein
United States District Judge

December 14, 2010
Central Islip, New York